**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0981n.06
Filed: December 15, 2005

**No. 04-2392**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| IN RE: MELVIN C. MARACLE AND CHRISTINA R. MARACLE, | ) ) ) | |
| Debtors, | ) ) | |
| JEFF A. MOYER, | ) ) | **On Appeal from the United States District Court for the Western** |
| Trustee, Plaintiff-Appellant, | ) ) | **District of Michigan** |
| v. | ) ) | |
| RBC MORTGAGE CO., | ) ) | |
| Creditor, Defendant-Appellant. | ) ) | |
| _____ | ) | |

**BEFORE: KEITH, SUHRHEINRICH AND CLAY, Circuit Judges.**

**PER CURIAM.** Defendant-Appellant, RBC Mortgage Company ("RBC"), appeals the

district court's order reversing the bankruptcy court's order granting summary judgment in its favor.

The bankruptcy court held that the trustee could not avoid RBC's mortgage as a preferential transfer

under 11 U.S.C. § 547(b) of the Bankruptcy Code, and that the recording of the mortgage was a

contemporaneous exchange for new value under § 547(c)(1). For the following reasons, we

**AFFIRM** the district court's decision.

The material facts of the case are not disputed. On March 27, 2003, the debtors, Melvin and

Christina Maracle ("Maracles" or "debtors"), closed on the purchase of a house. The debtors

received the deed that same day. On that day, the debtors obtained a loan from RBC in the principal amount of $148,000, and signed a promissory note and a mortgage. For undisclosed reasons, neither the deed nor the mortgage were recorded until May 7, 2003. On June 25, 2003, the debtors filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

On September 19, 2003, the trustee filed a complaint to avoid the mortgage as a preferential transfer under 11 U.S.C. § 547(b) arguing that the transfer of the mortgage to RBC was on account of an antecedent debt and was not a contemporaneous exchange for value under 11 U.S.C. § 547(c)(1). The trustee asserted that the mortgage was not transferred within 20 days of the March 27th closing as required under § 547(c)(3)(B).

RBC moved to dismiss the complaint arguing that the mortgage was not on account of an antecedent debt and was a contemporaneous exchange for new value. On January 17, 2004, the bankruptcy court granted RBC's motion to dismiss relying on *Waldschmidt v. Mid-State Homes, Inc.* (*In re Pitman*), 843 F.2d 235 (6th Cir. 1988). The bankruptcy court found that since the mortgage and the deed were both recorded on May 7, 2003, both parties had an equitable interest in the property on March 27, 2003. The court found that on May 7, 2003, the actual transfer took place and the parties substituted their equitable interest for legal interest. Therefore, the court held that the entire transaction was a contemporaneous exchange and an exchange for new value.

The trustee appealed to the district court. On October 13, 2004, the district court reversed the bankruptcy court. The court found that the Maracles had legal title, not just an equitable interest on March 27, 2003. Based on this finding, the district court held that the mortgage was on account

of an antecedent debt and was not contemporaneous exchange for new value when recorded on May 7, 2003.

Upon consideration of the briefs, together with the record on appeal, and having had the benefit of oral argument, this Court concludes that the district court did not err in reversing the Bankruptcy Court's order. *See Superior Bank v. Boyd* (*In re Lewis*), 398 F.3d 737, 746 (6th Cir. 2005) (stating that "[t]he district court reviews the bankruptcy court's grant of summary judgment *de novo*, as we do in turn.") (citing *Stevenson v. J.C. Bradford & Co.*, 277 F.3d 838, 849 (6th Cir. 2002)). Since the district court by Judge McKeague fully articulated the reasons why judgment should be entered for the trustee, the issuance of a detailed opinion by the Court would be duplicative and would serve no useful purpose. Accordingly, we **AFFIRM** the judgment of the district court based on the reasoning articulated by that court in its opinion dated October 13, 2004, and order dismissing the case on the same date.